UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| YVONNE SEMERE | CASE NO. 6:20-CV-01400 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ETHICON INC ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM RULING

The present matters before the Court are two motions: (1) the Supplemental Motion to Exclude Supplemental Opinion of Defense Expert Jaime Sepulveda, M.D. [ECF No. 162]; and (2) the Supplemental Motion to Exclude Supplemental Expert Report with IME of Jaime Sepulveda, M.D. [ECF No. 163]. Both motions were filed by plaintiff Yvonne Semere. For the reasons explained below, both motions are DENIED.

**I.
BACKGROUND**

The present case involves product liability claims arising out of the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. The case was originally filed in Louisiana state court and removed to this court. The case subsequently was transferred to the Southern District of West Virginia as part of MDL 2327 (the "ETHICON MDL"), 2:12-MD-2327.[1] Following coordinated discovery and pre-trial proceedings, the case was remanded to the Western District of Louisiana for trial.[2]

Following remand, Plaintiff filed the present supplemental motions challenging Ethicon's defense expert, Dr. Sepulveda. As explained by Ethicon, Dr. Sepulveda is a urogynecologist and

---

[1] ECF No. 10, 11.
[2] ECF No. 150.

1

has "over 20 years of clinical and surgical experience treating women with pelvic organ prolapse and stress urinary incontinence."[3] According to Ethicon, Dr. Sepulveda has submitted "a total of three (3) case-specific reports" with respect to Plaintiff.[4]

## II.
## STANDARD

An expert witness may testify in the form of an opinion if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[5] The proponent of expert testimony must lay a foundation for its admissibility.[6] As far as the admission of expert testimony, the district court functions as a "gatekeeper"—testing the reliability and relevancy of the proposed expert's scientific opinions.[7] The district court must consider at the outset whether: (1) a proposed expert is qualified to competently testify concerning his opinions; (2) his methodology is sufficiently reliable; and (3) his testimony would assist the jury, through the application of scientific, specialized, or technical expertise, to determine a fact in issue or understand the evidence.[8] However, this inquiry is "a flexible one," focusing "on the expert's principles and methodology, not on the conclusions that they generate."[9]

---

[3] ECF No. 167 at 2.
[4] *Id.*
[5] Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).
[6] *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir.2002).
[7] *Daubert*, 509 U.S. at 589–93.
[8] *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) (citing *Daubert*).
[9] *Daubert*, 509 U.S. at 595.

2

A court's gatekeeper role under *Daubert* is not a replacement for cross-examination or the role of the jury in assessing credibility and the weight afforded to expert testimony.[10] Rather, the objective of the gatekeeping requirement "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[11] And the district court has substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable. Where the expert testimony generally satisfies Rule 702, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[12]

## III.
## DISCUSSION

Plaintiff's motions seek to exclude or limit Dr. Sepulveda's supplemental opinions and testimony on the grounds that these opinions "fail to have a firm scientific foundation,…champion unreliable principles and methods, and…lack proof of application of principles and methods in a reliable manner to the facts in this matter."[13] Specifically, Plaintiff challenges Dr. Sepulveda's opinions in the following respects:

1. Dr. Sepulveda's "Supplemental Opinion #4" is "problematic";

2. Dr. Sepulveda's "Supplemental Opinion #3" merely provides a "'regurgitation' a plethora of medical studies in which Dr. Sepulveda has not acted as a primary and/or secondary researcher" and, therefore, he is "unqualified to act as a conduit or spokesperson for these researchers…;"

---

[10] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) ("The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system).
[11] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).
[12] *Daubert*, 509 U.S. at 596.
[13] ECF No. 162-2 at 1.

3

3. Dr. Sepulveda failed to provide an explanation for his "Supplemental Opinion #4;"

4. that "Supplemental Opinion #6" regarding the safety and effectiveness of TVT Secur Device is "beyond the scope of this expert;"

5. Dr. Sepulveda's "Supplemental Opinion #7" regarding the effectiveness of the approaches for the insertion of the TVT Secur Device is "unreliable" because he did not provide any basis for his qualification "as an expert on IFUs"; and

6. Dr. Sepulveda's "Supplemental Opinions #8-12" regarding the causes of Plaintiff's pain "are unreliable."

Plaintiff also challenges Dr. Sepulveda's supplemental report and opinions as untimely.

Plaintiff has not demonstrated grounds to exclude Dr. Sepulveda's supplemental report or opinions under *Daubert*. First, to the extent the Plaintiff challenges Dr. Sepulveda's selection and reliance on certain studies or scientific literature, this challenge is more appropriately raised on cross-examination—not on a *Daubert* motion seeking to exclude Dr. Sepulveda' opinions or testimony.[14] Moreover, "questions related to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration."[15] Ethicon also points to the fact that the court managing the ETHICON MDL had rejected nearly identical arguments with respect to another defense expert on the grounds that the challenges to that expert were more appropriately addressed on cross-examination.[16]

Second, to the extent that Plaintiff argues that Dr. Sepulveda's opinions are not properly supported, this argument similarly is more appropriately addressed on cross-examination.[17]

---

[14] *See, e.g. Lofton v. McNeil Consumer & Specialty Pharmaceuticals*, 2008 W.L. 4878066 at *5 (N.D. Tex. July 25, 2008) (observing that the "fact that a more recent study provides contrary evidence to a previous finding by the FDA is something that should be address during cross-examination, not a motion to exclude" under *Daubert*).
[15] *Vitervo v. Dow Chemical Co.*, 826 F.2d. 420, 422 (5th Circuit, 1987).
[16] *See* ECF No. 167 at 7 (*Citing In re: Ethicon, Inc. Pelvic Repair Systems* product liability litigation, 2016 W.L. 4536455 at *4 (S.D. W.Va. Aug. 30, 2016).
[17] *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Circuit 2007) (Expert need not back his or her opinions with published studies that unequivocally support the expert's conclusion).

Ethicon has also pointed to evidence in the record showing some support for Dr. Sepulveda's opinions.

Third, to the extent that Plaintiff is challenging Dr. Sepulveda's qualifications on the grounds that his opinions are beyond the scope of his expertise, Ethicon has established sufficient grounds for Dr. Sepulveda's expertise to survive a *Daubert* challenge. As explained by Ethicon, the court managing this case as part of the ETHICON MDL previously held that surgeons with Dr. Sepulveda's experience have the expertise to examine the relevant literature and offer opinions as to the safety and efficacy of similar mesh products.[18]

Finally, with respect to timeliness, the Court overrules Plaintiff's objection. As explained by Ethicon, "Plaintiff received additional medical treatment and continued to produce medical records reflecting this additional treatment for well over two (2) years after Dr. Sepulveda served his initial report."[19] Ethicon further explains that Plaintiff submitted her "Supplemental Plaintiff Fact Sheet" on November 15, 2018.[20] Defendants then served Dr. Sepulveda's Supplemental Report on March 22, 2019.[21] Accordingly, the Court agrees that, based on the timeline reflected in the record, Dr. Sepulveda's supplemental opinions are not untimely. Plaintiff's two *Daubert* motions pertaining to Dr. Sepulveda are, therefore, DENIED.

## IV.
## CONCLUSION

For the reasons stated above, Plaintiff's Supplement Motion to Exclude Supplemental Opinion of Defense Expert Jaime Sepulveda, M.D. [ECF No. 162] and Plaintiff's Supplemental

---

[18] ECF No. 167 (*In re: Ethicon*, 2017 W. L. 988838, at *3 (S.D. W.Va. Mar. 10, 2017).
[19] ECF No. 167 at 4.
[20] *Id.*
[21] *Id.* at 5.

Motion to Exclude Supplemental Expert Report with IME of Jaime Sepulveda, M.D. [ECF No. 163] are DENIED.

THUS DONE in Chambers on this 30th day of September, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE